UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-36-JRG-HBG |
| | ) | |
| ROBERT GOINS LEEPER, ET AL. | ) | |
| | ) | |

**ORDER ON DISCOVERY AND SCHEDULING**

On January 31, 2019, counsel for all parties still proceeding to trial appeared by telephone before the undersigned to set the case for trial within the confines of the Speedy Trial Act, 18 U.S.C. § 3161. Assistant United States Attorney Megan Lynn Gomez represented the Government. The following defense counsel participated on behalf of their clients: Attorney Ilya I. Berenshteyn for Robert Goins Leeper; Attorney Jerry Laughlin for Hope Arlene Roark; Attorney Ruth Thompson Ellis for Curtis Thrower; Attorney Russell T. Greene for Laura Arcola Sloan; Attorney D. R. Smith for Wade Bynum Cordell; Attorney Donny M. Young for Scotty Douglas Rasnick; Attorney Mark E. Brown for Joshua David Hartley; Attorney Randall E. Reagan for Defendant William Roger Harmon; Attorney Jonathan S. Cave for Jeffrey Brian Hill; Attorney Barry Andrew Glenn for Troy J. McRath; Attorney Donald E. Spurrell for Jenny Elizabeth Bailey; Attorney Joshua D. Hedrick for Curtis Shane Oaks; and Attorney Wesley D. Stone for Sean Michael McLaughlin. The Court proposed and the parties agreed to a trial date of **July 16, 2019**.

The Court finds that the ends of justice served by setting the trial on July 16, 2019, outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. §

3161(h)(7)(A).  The Superseding Indictment [Doc. 33] was filed on July 10, 2018.  The Court arraigned Defendant Cordell three days later [Doc. 56, minutes].  The final Defendant to enter the case was Defendant Harmon, who first appeared and was arraigned on October 30, 2018 [*see* Doc. 257, minutes].  The Court finds that the time from Defendant Cordell's arraignment on July 13, 2018, to Defendant Harmon's arraignment on October 30, 2018, is fully excludable under the Speedy Trial Act, as a reasonable time during which the Defendants were joined for trial with a codefendant who had yet to appear.  *See* 18 U.S.C. § 3161(h)(6).

The Court did not set a trial date upon Defendant Harmon's entry into the case, because at that time, Defendant Hill was undergoing a mental evaluation to determine his competency to stand trial and sanity at the time of the offense [*see* Doc. 202].  On January 16, 2019, the Court held a competency hearing and found [Doc. 332] Defendant Hill to be competent to stand trial.  Thus, the Court finds that all of the time during which Defendant Hill was undergoing a competency evaluation to also be fully excludable time under the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(A) & -(F) (excluding up to ten days of transportation time for an out-of-district mental evaluation).

Finally, the Court finds that counsel for the parties now need time to prepare and litigate pretrial motions, to interview witnesses, and to prepare the case for trial.  The Court set a motion hearing on **March 27, 2019, at 10:00 a.m.**, in Greeneville, Tennessee.  Following that hearing and the filing of any post-hearing briefs, the Court will need time to prepare rulings on the motions and/or a report and recommendation on any dispositive motions.  18 U.S.C. § 3161(h)(1)(H).  Thereafter, the parties will need time to file any

objections to the report, and the District Judge will need time to rule upon the dispositive motions in light of the report and the objections. 18 U.S.C. § 3161(h)(1)(H). Finally, counsel will need time to prepare the case for trial, after receiving rulings on the pretrial motions. The Court finds that all of this cannot occur in less than five and one-half months from the scheduling conference. Accordingly, the Court finds the July 16 trial date will give counsel the reasonable time necessary to prepare for trial effectively, taking into account counsels' use of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that all of the time from July 13, 2018, until the new trial date of July 16, 2019, is excludable delay under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A), -(1)(D), -(1)(F), -(1)(H), -(6), & -(7)(A)-(B).

## I. SCHEDULING DEADLINES

The Court sets the following deadlines for this matter:

| Important Scheduling Dates ||
|---|---|
| Trial Date | **July 16, 2019, at 9:00 a.m.** <br> **U.S. District Judge J. Ronnie Greer** |
| Estimated length of trial | **5 days** |
| Final Pretrial Conference/Motion Hearing | **June 17, 2019, at 10:00 a.m.** |
| Defendants' Pretrial Motions Due: | **March 1, 2019** |
| Government's Responses Due: | **March 15, 2019** |
| Plea Deadline | **July 2, 2019** |

| | |
|---|---|
| Requests for Special Jury Instructions | **5 days before trial** |

## II. PURPOSE OF ORDER AND DUTY TO CONFER

The purpose of this Order is intended to eliminate the unnecessary filing of discovery motions. If there are disagreements regarding discovery issues, counsel for Defendant(s) shall make a request to the Government for each item of discovery sought and be declined *prior* to the filing of any motion to compel discovery and must *certify* in the motion that they have conferred with opposing counsel, that they have been unable to resolve the issue by agreement, and that the matter concerns matters not covered by this order. The Court may deny without prejudice motions filed without the required certificate.

## III. DISCOVERY ORDER

A. **Defendant's Oral Statement.** Within five (5) days of receipt of Defendant's request, the Government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(A). Similarly, the Government shall disclose to an organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(A) upon request by the organizational defendant.

B. **Written or Recorded Statements of Defendant.** Within five (5) days of receipt of Defendant's request, the Government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(B). Similarly, the Government shall disclose to an organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(B) upon request by the organizational defendant.

C. **Prior Record of Defendant**. Within five (5) days of receipt of Defendant's request, the Government must disclose to the defendant the discovery within the scope of Rule 16(a)(1)(D).

D. **Documents and Objects.** Within five (5) days of receipt of Defendant's request, the Government must disclose to the defendant the discovery within the scope of Rule 16(a)(1)(E).

E. **Reports of Examinations and Tests.** Within five (5) days of receipt of Defendant's request, the Government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(F).

F. **Expert Witnesses**. Within five (5) days of receipt of Defendant's request, the Government must disclose to Defendant the discovery within the scope of Rule 16(a)(1)(G).

**G.** **Expert Witnesses regarding Defendant's Mental Condition.** Defendant must within five days of the Government's request provide the Government a written summary of testimony Defendant intends to offer as provided for in Rule 16(b)(1)(C).

If the Government requests discovery under this paragraph (H), within five (5) days of Defendant's request, the Government must provide a written summary of testimony the Government intends to offer as provided for in Rule 16(a)(1)(G).

**H.** **Expert Witnesses at Pretrial hearings – Five (5) Days' Notice Required.** If either the Government or a Defendant intends to offer the testimony of an expert witness in conjunction with any pretrial hearing in order to give an opinion based upon scientific, technical, or other specialized knowledge, the party intending to utilize the witness shall notify opposing counsel at least five (5) business days prior to the hearing and furnish a written summary of the testimony which shall describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications.

**I.** **Continuing Duty to Disclose.** It shall be the continuing duty of counsel for all parties to immediately reveal to opposing counsel all subsequently-discovered information or other material within the scope of this order or Rule 16.

**J.** **Reciprocal Discovery Obligations**

   **1.** **Receipt of discovery treated as a request.** The Government routinely provides defendants with discovery provided for under Rule 16(a)(1)(E) (relating to disclosure of documents and objects) and Rule 16(a)(1)(F)(relating to reports of examinations and tests) soon after the initial appearance. If the Government provides Defendant with such discovery, the Court will presume that Defendant has requested the same under Rule 16(a)(1)(E) and (a)(1)(F), triggering its reciprocal obligations under Rule 16(b)(1)(A) and (B).

   **2.** **Opting Out of Discovery.** A Defendant who elects not to request disclosure as outlined herein or under both Fed. R. Crim. P. 16(a)(1)(E) (relating to documents and tangible objects) and under Rule 16(a)(1)(F) (relating to reports of examinations and tests), has no obligation to provide reciprocal discovery to the Government pursuant to Rule 16(b)(1)(A) and Rule 16(b)(1)(B). However, if Defendant receives discovery from the Government, the Court will presume he requested it for purposes of determining Defendant's reciprocal discovery

obligations.

**K.    *Brady* material**

1. **Timing of Disclosure.** Within 14 days of the *arraignment*, except where the *Brady* material is covered by the Jencks Act, 18 U.S.C. § 3500, then the Jencks Act will control the timing of disclosure.

2. **Nature of Disclosure.** The Government shall reveal to Defendant and permit Defendant to inspect and copy all evidence known to the Government which may be favorable to Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitley,* 514 U.S. 419 (1995).

**L.    *Giglio* material**

1. **Timing of Disclosure.** Not later than 7 days prior to trial shall the material governed by this section be disclosed.

2. **Nature of Disclosure.** The Government shall disclose to Defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972) (impeachment evidence) and *Napue v. Illinois,* 360 U.S. 264 (1959).

3. **Criminal Record of Witness.** For each witness who will testify for the Government at trial, the Government shall supply the defendant with a record of all prior convictions of the type that may be used to impeach a witness pursuant to Rule 609, Federal Rules of Evidence.

**M.    Jencks Act Material**

1. **Duty to Comply.** All parties shall be prepared to comply with the Jencks Act, 18 U.S.C. § 3500 and Federal Rules of Criminal Procedure 26.2 relating to the production of witness statements on demand after the witness has testified on direct examination.

2. **Early Disclosure.** To avoid disruptions in the progress of the trial, and perhaps even continuances of the trial, the Court strongly urges the

Government to reveal Jencks Act material to defense counsel before the commencement of trial. The parties may agree on – but the Court does not order – an earlier time for the exchange or production of Jencks Act and Rule 26.2 material.

    **N.**     **Identity of Defendant in a photo lineup**

        **1.**     **Timing of disclosure.** Within 14 days of arraignment.

        **2.**     **Nature of Disclosure.** The Government shall state whether Defendant was identified in any lineup, show up, photo spread, or similar identification proceedings, and produce any pictures utilized or resulting therefrom.

**IV.**     **PRESERVATION OF AGENT'S ROUGH NOTES.**

The Government shall advise its agents and officers involved in this matter to preserve all rough notes. Rough notes which contain the substance of any relevant oral statements made by Defendant before or after arrest in response to interrogation by a person Defendant knew was a government agent are subject to disclosure pursuant to Rule 16(a)(1)(B)(ii), Federal Rules of Criminal Procedure.

**V.**     **ELECTRONIC SURVEILLANCE.**

    **A.**     **Timing of Notice.** Within 14 days of the date of this Order, the Government shall state whether Defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance and, if so, shall set forth in detail the circumstances thereof.

    **B.**     **Contents of Notice.** Specifically, the Government shall disclose to the defendant the nature and extent of the use of electronic surveillance (including wiretapping, consensual monitoring, body wires, tape recordings, transmission devices, videotape recordings, bank surveillance recordings, pen registers) or mail covers conducted by law enforcement officers or witnesses in investigating this case, and also disclose the existence of all recordings obtained and final transcripts made during the investigation, regardless of whether the Government intends to use the recordings and transcripts in its case-in-chief.

**VI.**     **FINGERPRINT ANALYSIS.**

Within five (5) days of the request by Defendant, the Government shall provide the defense, for independent expert examination, copies of all latent fingerprints

or palm prints which have been identified by a Government expert as those of Defendant.

## VII. PROCEDURE FOR RESOLVING OBJECTIONS TO AUDIO/VIDEO RECORDINGS.

A. **Need for Robinson hearing.** If a Defendant files (1) a motion to exclude an audio or video recording because the allegedly inaudible and/or unintelligible portions of the recording are so substantial as to render the recording as a whole untrustworthy, or (2) a motion to prohibit the use of a transcript of a recording, then a "*Robinson*" hearing may be required. *See United States v. Robinson*, 707 F.2d 872 (6th Cir. 1983).

If defense counsel believes that an entire recording should be excluded as untrustworthy under *Robinson,* a hearing will be held at the pretrial conference and motion hearing. Similarly, a hearing will be conducted at the same time regarding the accuracy of any transcript which is disputed by Defendant. If such a hearing is required, the Government and the Clerk shall have available for the Court's use the audio and/or video equipment to be used at trial or comparable equipment. The parties shall notify the Magistrate Judge if such a hearing will in fact be needed.

B. **Duty to confer.** Defendant's counsel will, not later than seven (7) days before the pretrial conference, meet and confer with the government's counsel and identify what recording or portions of a recording the Defendant insists should be wholly excluded as untrustworthy under *Robinson.*

C. **Transcripts.** If the Government intends to prepare and submit transcripts of any recording, it shall submit those transcripts to defense counsel at the time the recording is reviewed so that any objections to such transcripts may be presented at the time of the *Robinson* hearing. Counsel shall review any transcripts contemporaneously with his/her review of the actual recordings and, on or before seven (7) days prior to the pretrial conference, identify to the Government's attorney all portions of the transcripts claimed to be inaccurate or unverifiable after listening to the recordings themselves.

D. **Resolution of Disagreements.** The Court prefers the parties to stipulate to any transcript. If a stipulation is not possible, the parties are to advise the Court accordingly and identify the areas of disagreement regarding the accuracy of the transcript and the Court will listen to the recordings with the transcript and made a pretrial determination. Where portions of the recording are inaudible, the transcript should so reflect. *United States v. Adams*, 722 F.3d 788, 824 (6th Cir.

2013).

VIII. **USE OF CO-CONSPIRATOR'S STATEMENTS AND REQUIREMENT OF GOVERNMENT TO FILE NOTICE OF INTENT TO USE.**

   A. **Admissibility of Co-Conspirator Statements.** If the Government intends to offer evidence under Federal Rule of Evidence 801(d)(2)(E), then the admissibility of an alleged co-conspirator's statements under Federal Rule of Evidence 801(d)(2)(E) will be determined in accordance with *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979); specifically, such statements will be admitted subject to a later demonstration during the trial by a preponderance of the evidence that the statements were made during the course and in furtherance of the conspiracy.

   B. **Notice Required.** If the Government intends to introduce a co-conspirator's statements under Federal Rule of Evidence 801(d)(2)(E), the Government shall file a notice not later than the Friday preceding the commencement of the trial. The notice must include the following: (1) the substance of the statements to be introduced under Federal Rule of Evidence 801(d)(2)(E); (2) when those statements were made, where those statements were made, and to whom they were made; and (3) a summary of the evidence which the Government will present to establish the existence of the conspiracy, that the declarant was a member of that conspiracy, and that the statements were made during and in furtherance of the conspiracy.

   C. **Pretrial contest to admissibility.** If Defendant intends to contest the admissibility of any statements offered under Federal Rule of Evidence 801(d)(2)(E), prior to the commencement of the trial, Defendant shall file and serve upon the Government's attorney a motion in which Defendant shall state the grounds and specify the reasons why the statements are not admissible under Federal Rule of Evidence 801(d)(2)(E). A copy of such motion shall be delivered to the District Judge contemporaneously with its filing.

IX. **RULE 404(b) EVIDENCE**

   A. **Timing of Notice.** Upon request by Defendant, the Government shall provide notice at least seven (7) days in advance of trial, or during trial if the Court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial. Pretrial disclosure of such evidence will be excused where its use only becomes indicated due to events

at trial or such evidence constitutes legitimate rebuttal evidence.

B. **Nature of Disclosure.** The Government shall disclose as well as the general purpose of the evidence (e.g., proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). The Government's written disclosure shall characterize Defendant's specific prior conduct to a degree that fairly apprizes Defendant of its general nature.

X. **INSANITY DEFENSE**

If a Defendant intends to assert a defense of insanity, Rule 12.2 Fed. R. Crim. P. Defendant(s) shall submit the required written notification(s) by the deadline for the filing of pretrial motions.

XI. **FILING OF MOTIONS AND RESPONSES.**

A. **Timing of filing Motions.** All motions (including, but not limited to, motions in limine, motions to suppress, and objections to any evidence) shall be filed by the motion deadline. A response to a motion filed by either party shall be filed by the response deadline. FAILURE TO RESPOND TO A MOTION MAY BE DEEMED A WAIVER OF ANY OPPOSITION TO THE RELIEF SOUGHT IN THE MOTION.

B. **Memorandum of Law Required.** All motions that require a brief shall be accompanied by a separate brief or they may be subject to summary denial. Local Rule 7.1.

C. **Evidentiary Hearings.** Motions will be decided in accordance with Local Rule 7.2; in this regard, the Court may rule upon any motion without a hearing thereon if such is deemed unnecessary by the Court, notwithstanding that a motion hearing has been scheduled.

D. **Motions to Suppress**

1. **Requirement of specificity.** If Defendant files a motion to suppress a statement, or evidence seized as a result of a search (whether with or without a warrant), Defendant's motion shall (1) specify in detail each fact which Defendant claims requires suppression of the statement or evidence, and (2) the legal basis supporting suppression. *See, Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Giacalone,* 853 F.2d

470 (6th Cir. 1988); *United States v. Thompson*, 2001 WL 820905 (6th Cir. 2001).

    2. **Waiver.** Failure to raise the issue before the Magistrate Judge may constitute a waiver of the issue. For that reason, Defendant should raise every factual and legal issue which he claims requires suppression.

E. **Adoption of Motions of Codefendants**

    1. **Requirement of specificity.** If counsel files a motion to adopt any motions of one or more codefendants, it should be specifically stated which motion(s) counsel wishes to so adopt.

    2. **General adoption reference.** Counsel shall not file a motion that merely adopts, or requests to adopt, any or all motions of codefendants.

F. **Untimely Motions.**

    1. **Canceling of Pretrial Conference and Motion Hearing.** If no motions are filed by the motion deadline, the Court will cancel the pretrial conference and motion hearing unless the parties require the Court to address any issues outstanding that were not subject to a motion hearing.

    2. **Summary Denial.** Motions filed after the motion deadline may in the discretion of the District Judge or, where appropriate, the Magistrate Judge, be denied summarily as untimely.

G. **Presence of Defendant**

    1. **Mandatory appearance at all evidentiary hearings.** Any Defendant who has filed a motion which requires the presentation of evidence must be present, along with his/her counsel. This requirement cannot be waived. The Clerk shall notify the U.S. Marshal of any Defendant who is in custody and who must be present in court.

    2. **Optional Appearance.** Any Defendant, who has filed no motions, or who has filed no motions that require the presentation of evidence, may attend the final pretrial conference/motion hearing but is not required to do so. If such Defendant is incarcerated and wishes to attend

the final pretrial conference/motion hearing, he/she must file a written request with the Clerk to so attend ten (10) days prior to the hearing to afford the U.S. Marshal's adequate time to make transportation arrangements.

## XII. STIPULATIONS.

Prior to trial, all counsel shall confer and shall make every possible effort in good faith to stipulate facts, the truth and existence of which are not contested, in order to expedite the trial of this matter.

No stipulation made by defense counsel shall be used against Defendant unless the stipulation is reduced to writing and *signed by Defendant* and his/her counsel. It shall be the responsibility of the Government's attorney to initiate contact with defense counsel regarding the possibility of stipulating uncontroverted facts as herein above described.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge